UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 15-61767-CIV-MATTHEWMAN

MARC TOUZOUT,
and all others similarly situated,

      Plaintiff,

v.

AMERICA BEST CAR RENTAL KF
CORP. d/b/a America Best Crfk Corp.
d/b/a Sunshine Rent-A-Car (*et al.*),

      Defendants.

_____/



FILED by _____ D.C.

NOV 3 0 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER AWARDING ATTORNEY'S FEES AND COSTS TO PLAINTIFF'S COUNSEL AND TO PLANITFF'S FORMER COUNSEL

THIS CAUSE is before the Court upon Plaintiff, MARC TOUZOUT's ("Plaintiff")

Motion for an Award of Attorneys' Fees and Costs [DE 134] filed on July 12, 2017. Defendants,

America Best Car Rental KF Corp., Kamal Fereg, Omar Fajardo, and Roberto Hiptyn

("Defendants"), have filed a Response [DE 136]. Plaintiff filed a Reply [DE 137], Defendants filed

a Sur-Reply [DE 140], and Plaintiff filed a Sur-Response [DE 143]. Plaintiff's Former Counsel,

Saenz and Anderson, PLLC, and its attorneys of record, Ruben Martin Saenz, Esq., Ilona

Demenina Anderson, Esq., and Ria N. Chattergoon, Esq. (collectively, "Former Counsel") filed a

Motion for Bill of Costs [DE 135] and Motion for Attorneys' Fees [DE 145]. Defendants filed

Responses to both Motions [DE 144 and DE 151] and Plaintiff's Former Counsel filed Replies

[DE 146 and DE 154]. The matters are now ripe for review.  For the reasons that follow, this

Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Attorney's Fees &

Costs [DE 134] and Former Counsel's Motions for Bill of Costs [DE 135] and for Attorneys' Fees

1

[DE 145]. In Part I, the Court will address Plaintiff's claim for attorney's fees and costs filed by his second counsel, Juan C. Perez, Esq. In Part II, the Court will address Plaintiff's Former Counsel, Saenz & Anderson, PLLC.'s request for attorney's fees and costs.

## I.  **Plaintiff's Counsel, Juan C. Perez, Esq.'s Motion for Attorney's Fees & Costs [DE 134]**

### A. **BACKGROUND**

This case was originally filed on August 24, 2015, and arose out of Plaintiff's job with Defendant, America Best Car Rental KF Corp., first as a car-washer, then as an office worker. Plaintiff alleged overtime, retaliation, discrimination, and harassment claims. Plaintiff's Second Amended Complaint [DE 49], filed on February 24, 2016, alleged ten different counts, including wage and hour violations under the Fair Labor Standard Act ("FLSA") (Counts I-II), retaliation under the FLSA (Count III), religious discrimination and religious harassment under Title VII and the Florida Civil Rights Act ("FCRA") (Counts IV – VI), national origin discrimination and national origin harassment under Title VII and the FCRA (Count VII), retaliation under Title VII and the FCRA (Counts VIII-IX), and violation of 42 U.S.C. § 1981 (Count X). *See* DE 49.

This Court granted summary judgment in favor of Defendant America Best Car Rental KF Corp., as to Plaintiff's claims asserted in Count IV (Violation of Title VII - Religious Discrimination), Count V (Violation of Title VII - Religious Harassment), Count VI (Violation of the FCRA - Religious Discrimination and Harassment), Count VII (Violation of VII - Discrimination and Harassment Based on Plaintiffs National Origin), Count VII [sic] (Violation of the Florida Civil Rights Act of 1992 - National Origin Discrimination), and Count X (Violation of 42 U.S.C. § 1981) as to Defendant America Best. *See* DE 111. The Court denied Defendant's Partial Motion for Summary Judgement [DE 94] as to the remaining counts, and the case

proceeded to trial on Count I (Wage and Hour Violation by the Corporate and Individual Defendants), Count II (Wage and Hour Violation by the Corporate and Individual Defendants), Count III (Federal Statutory Violation Pursuant to 29 U.S.C. § 215(a)(3) (Retaliation)), Count VIII (Violation of Title VII – Retaliation), Count VIII (Violation of Title VII – Retaliation), Count IX (Violation of the FCRA – Retaliation), and Count X (Violation of 42 U.S.C. § 1981) as to Defendant Kamal Fereg [DE 111].

The case proceeded to jury trial and on June 15, 2017, the jury returned a verdict in favor of Plaintiff, Marc Touzout and against Defendants in the amount of $1,938.00 on Count I of the Second Amended Complaint for failure to pay overtime wages and in the amount of $84.00 on Count II of the Second Amended Complaint for failure to pay minimum wages under the FLSA. *See* DE 129. Plaintiff was also awarded liquidated damages from Defendants in an amount equal to the above overtime and minimum wage awards [DE 133]. The jury returned a verdict against Plaintiff and in favor of Defendants on all other counts. On June 23, 2017, final judgment was entered in favor of Plaintiff and against Defendant on Counts I and II, awarding Plaintiff a total of $4,044.00 plus post-judgment interest at the rate of 1.19% beginning on June 23, 2017. *Id.* Final judgment was entered in favor of Defendants against Plaintiff on Count III (FLSA Retaliation), Count VIII (Title VII Retaliation), Count IX (FCRA Retaliation), and Count X (42 U.S.C. § 1981 Discrimination). *Id.* The Court also explicitly reserved jurisdiction as to the issue of costs and attorney's fees. *Id.*

Plaintiff filed his Motion for Attorney's Fees & Costs, seeking $7,215.00 in fees and $225.00 in costs for a total award of $7,440.00. [DE 134, pg. 9]. Plaintiff's counsel seeks an hourly rate of $185.00 per hour and claims to have expended 39 hours in this case. *Id.* Plaintiff argues that the hourly rate is reasonable and total award requested is reasonable under both the "lodestar"

method and *Johnson* 12 factor test. [DE 134, pg. 5-6].

In Defendants' Response to the motion, Defendants first argue that Plaintiff's Motion should be dismissed because Attorney Perez filed the Motion before waiting to see if Defendants could resolve the Motion without filing it with the Court. [DE 136, pg. 4]. Defendants allege that Plaintiff sent an email to defense counsel and attached a draft of the motion and asked if it could be resolved. However, without waiting for response, Plaintiff filed the Motion 51 minutes later without speaking to defense counsel. *Id.* Defendants claim that this is a violation of Local Rule 7.3, requiring a good faith effort to resolve the motion before filing it. *Id.*

In the alternative, Defendants do not challenge Plaintiff's entitlement to reasonable attorney's fees and costs as to the Counts on which Plaintiff is the prevailing party, but Defendants do argue that Plaintiff's claimed time is excessive. [DE 136, pg. 8]. Defendants also do not challenge Plaintiff's requested hourly rate [DE 136, pg. 7], however Defendants claim that Plaintiff is seeking fees for time expended on matters in which he was unsuccessful, and that Plaintiff's counsel did not need to spend as much time as he claims on several aspects of the case. [DE 136, pg. 9]. For example, Defendants argue that time spent on discussing the motion for summary judgment should be struck because Defendants prevailed on the non-FLSA issues. [DE 136, pg. 8]; it should only have taken Plaintiff an hour to consult with client and prepare for trial rather than 2.5 hours; and Plaintiff should not receive fees for the third day of trial because he lost on several of the counts. [DE 136, pg. 9-10].

Defendants also argue that Plaintiff should not receive costs in the amount of $225.00 because Plaintiff failed to describe what these costs were for or to support the claim for costs with any documentation as required by Local Rule 7.3. Based on this reasoning, Defendants suggest this Court award $4,014.50 in attorney's fees.

4

In Plaintiff's Reply [DE 137], he argued that he filed the motion for attorney's fees prior to conferring with defense counsel inadvertently and due to excusable neglect. He also argued that there was no prejudice to Defendants because the parties still entered into settlement discussions, and were unsuccessful in attempting to settle. [DE 137, pg. 4]. Plaintiff also rejects Defendants' objections to the time entries, arguing that Attorney Perez portrayed the time spent on the case "in a conservative context," and he spent time effectively and efficiently while keeping Plaintiff abreast of the progression of the case. [DE 137, pg. 5]. Plaintiff clarified that the costs were for serving subpoenas, and attached the billing statement to the reply. [DE 137, pg. 9]. He stated that the total amount for serving the subpoenas was $175.00, as stated on the attached bill, and there was about $25.00 in copy charges. [DE 137, pg. 6].

In Defendants' Sur-reply [DE 140], Defendants argue that Plaintiff's requests for costs should be denied because Plaintiff failed to provide a bill of costs or documentation supporting the claim of $225.00 in costs. They additionally argue that the costs should be denied because the witnesses subpoenaed were not permitted to testify at trial. *See* DE 123, pg. 3-4; DE 140, pg. 4. Defendants also re-assert their argument that Plaintiff's Motion should be dismissed because Plaintiff failed to comply with Local Rule 7.3 by not first attempting to settle the attorney's fees issue prior to filing the Motion. [DE 140, pg. 5].

Plaintiff filed a Sur-response [DE 143] in which he re-iterates his arguments that failing to confer with Defendants prior to filing the Motion did not prejudice Defendants and occurred due to excusable neglect. Plaintiff also waived his claim for costs, and now seeks $7,215.00 solely in attorney's fees.

## B.  DISCUSSION

### 1.  ENTITLEMENT TO ATTORNEY'S FEES

There is no dispute that Plaintiff is entitled to attorney's fees.  It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); *see also Silva v. Miller,* 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the case at hand, a jury found the Defendants failed to pay Plaintiff overtime wages and failed to pay Plaintiff minimum wages under the FLSA, so Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees. Defendants do not contest entitlement in any of its motion memoranda.

### 2.  CALCULATION OF THE ATTORNEY'S FEE AWARD

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F. 3d at 427 (*citing Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)).  "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee;

(6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F. 3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F. 2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F. 2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F. 3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F. 3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel,*" the court must exercise billing judgment for them.

*See Barnes*, 168 F. 3d at 428 (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on plaintiff to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F. 3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F. 3d at 427 (stating that objections from fee opponents must be to be specific and "reasonably precise"); *Norman*, 836 F. 2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F. 3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002).

### a. COUNSEL'S HOURLY RATE

Plaintiff seeks an award of $7,215.00 for 39 hours reasonably expended by attorney Juan C. Perez, Esq. [DE 134]. Specifically, Plaintiff requests an hourly rate of $185.00 per hour. In support of this request, Plaintiff claims Mr. Perez has been a practicing member of the Florida Bar since 1988, and has tried many cases before in both state and federal courts. [DE 134, pgs. 9-10]. Defendants do not challenge the hourly rate of $185.00 as unreasonable.

Based on the qualifications of counsel and the Court's own knowledge and experience, and noting that Defendants have not objected to Plaintiff's hourly rate, the Court concludes that $185.00 per hour is a reasonable hourly rate for Plaintiff's counsel.

### b. DEFENDANTS' LOCAL RULE 7.3 OBJECTION

Defendants argue that the Motion should be denied because Plaintiff failed to comply with the provisions of Local Rule 7.3. [DE 136, pg. 4]. Local Rule 7.3 requires that a motion for

attorney's fees shall not be filed until a good faith effort to resolve the motion has been completed. Plaintiff argues that this failure to comply was due to excusable neglect. [DE 137, pg. 2]. To determine whether there is excusable neglect, the court must look to four factors: 1) the danger of prejudice to the non-movant; 2) the length of delay and its impact on the judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Court finds that Plaintiff's failure to confer with Defendants prior to filing the Motion was indeed excusable neglect. No prejudice to Defendants occurred because there was still opportunity for the parties to settle the matter, even after the Motion was filed. In fact, the parties engaged in settlement discussions and reached a tentative agreement that later failed. [DE 137, pg. 3]. Plaintiff's failure to confer had no impact on the judicial proceedings because the parties still attempted to settle after the Motion was filed and could not come to an agreement regarding fees. There is no evidence that Plaintiff acted in bad faith. Furthermore, although it is true that Plaintiff did violate the mandate of L.R. 7.3, this Court prefers to adjudicate the claim for attorney's fees on the merits of the parties' arguments rather than on a technicality which has not prejudiced Defendants.

c. <u>NUMBER OF HOURS REASONABLY EXPENDED</u>

According to the Plaintiff's Motion, Reply, and Sur-Response, Attorney Perez billed a total of 39 hours on this case. [DE 134, pg. 9]. Defendants contend the amount of hours presented by Plaintiff's counsel is unreasonable in light of the demands of the case and in light of the fact that Plaintiff did not succeed on several of his claims. Defendants argue for Plaintiff's billed hours to be decreased by 17.3 hours because the hours are excessive and were expended on issues of the

case on which Plaintiff did not ultimately succeed. [DE 136, pg. 8].

If a court finds particular hours claimed by an attorney to be "excessive, redundant or otherwise unnecessary," the court may reduce the number of hours in calculating the fee award. *Norman,* 836 F. 2d at 1301 (quoting *Hensley,* 461 U.S. at 434). In demonstrating the hours are reasonable, counsel should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1997). A fee opponent's failure to explain with specificity the particular hours viewed as excessive is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

The Court has reviewed Plaintiff's counsel's billing records [DE 134, pgs. 7-9] and finds that some of the legal work carried out by Plaintiff's counsel was excessive or unnecessary due to the fact that he was unsuccessful on several of the counts of the complaint. For example, it appears that counsel spent two and a half hours on two separate occasions consulting with the client over the facts of the case and the pleadings, once in March 2017 and once in April 2017, totaling five hours. The time for consulting with the client should be reduced to three hours (a two hour deduction). Another example is that Plaintiff's counsel billed two and a half hours for work on Defendants' Motion for Partial Summary Judgment. [DE 94]. Plaintiff was unsuccessful on all the claims disputed in the Motion for Partial Summary Judgment, whether at the summary judgment or trial stage. Further, Plaintiff's response to Defendant's Partial Motion for Summary Judgment [DE 105] was a sub-standard product, as discussed in the Court's Order on summary judgment. [DE 111, pgs. 3-5]. Thus Plaintiff should not be awarded his full fees for his time

preparing the response to the summary judgment; rather, these two and a half hours should be reduced to one and a half hours (a one hour reduction). The Court, however, will take into account the fact that this case proceeded to a three-day jury trial, and that Plaintiff was successful on the merits of his FLSA claims. Therefore, the Court finds that reasonable amount of hours expended should be reduced to 36 hours, instead of the 39 hours requested by Plaintiff. Thus, the reasonable amount of attorney's fees is 36 hours at $185.00 an hour, which totals $6,660.00.

d. LITIGATION EXPENSES AND COSTS

Plaintiff has waived his claim for costs. [DE 143, pg. 5].

### 3. CALCULATION OF TOTAL AWARD

Total Attorney's Fees (36 hours at $185.00 per hour): $6,660.00. The Court will award this amount to Plaintiff, payable to the trust account of Juan C. Perez, Esq., within 10 days from the date of this Order.

II. **Plaintiff's Former Counsel, Saenz & Anderson, PLLC's, Motion for Bill of Costs [DE 135] and for Attorney's Fees [DE 145].**

A. <strong>BACKGROUND</strong>

Plaintiff's Former Counsel, Saenz and Anderson, PLLC, and the attorneys of record, Ruben Martin Saenz, Esq., Ilona Demenina Anderson, Esq., and Ria N. Chattergoon, Esq. (collectively, "Former Counsel") filed a Motion for Bill of Costs [DE 135] and Motion for Attorneys' Fees [DE 145]. Defendants filed Responses to both Motions [DE 144 and DE 151] and Plaintiff's Former Counsel filed Replies. [DE 146 and DE 154].

Former Counsel represented Plaintiff from the inception of this case in August, 2015 until its withdrawal on July 26, 2016. [DE 81]. Plaintiff's Former Counsel did not try the case. In fact, it withdrew almost one year before the start of trial. Because the Court entered a Final Judgment [DE

11

133] granting Plaintiff a total award of $4,044.00, representing unpaid overtime wages, unpaid minimum wages, and liquidated damages, Plaintiff is the prevailing party on FLSA claims and is entitled to recover reasonable fees and costs from Defendants. Former Counsel claims that it handled the majority of the pre-trial work on this case, including drafting pleadings, conducting discovery, and attending hearings and settlement conferences. Thus, Former Counsel alleges it billed $34,290.00 in attorney's fees and $3,746.95 in costs. [DE 145, pg. 3].

After reviewing the billing records, Former Counsel asserted that it spent no more than 30% of its time litigating the FLSA retaliation and Title VII discrimination claims, for which Plaintiff is not the prevailing party. [DE 145, pg. 4].Thus, Former Counsel applied a 30% reduction to the $34,290.00 requested in attorney's fees. Factoring in a 30% reduction, Former Counsel requests $24,003.00, plus additional fees, for the time required to reply to Defendants' Responses to the Motions. *Id.* Former Counsel seeks an hourly rate of $300.00 per hour for each of the three attorneys and argues that the rates are reasonable because the attorneys' skills, experience, and reputations support the rates sought. *Id.*

Plaintiff also seeks costs in the amount of $3,746.95 in costs for filing fees, service of process costs, and deposition transcript costs. [DE 135, pgs. 3-4].

In Defendants' Response to the motion for attorney's fees, Defendants argue that the majority of time entries Former Counsel is seeking compensation for are in whole or in part for work unrelated to the wage and hour claim, but for the retaliation, discrimination, and harassment claims, on which Plaintiff lost in summary judgment and at trial. [DE 151, pg. 1]. Defendants claim that the requested fees are excessive, given the subject of the entries of the time logs and the results of the case. [DE 151, pg. 6]. Defendants do not challenge Plaintiff's entitlement to reasonable attorney's fees and costs as to the Counts which Plaintiff is the prevailing party. *Id.*

Defendants also do not challenge Former Counsel's requested hourly rate, however Defendants do argue that Former Counsel's claimed time is excessive. [DE 151, pg. 14]. Defendants claim that Former Counsel is seeking fees for time expended on matters in which Plaintiff was unsuccessful, and on time for researching, reviewing, and responding to a state law complaint and defamation claim. [DE 151, pg. 13].

Defendants argue that Former Counsel did not need to spend as much time as claimed on several aspects of the case. [DE 151, pgs. 7-13]. For example, Defendants argue that four and a half hours spent commuting should be struck because it is an excessive amount of time; 0.9 hours spent preparing the amended complaint should be struck because it was amended to add retaliation claims; 0.4 hours spent reviewing the file should be reduced to 0.1 because it is unnecessary and excessive; one hour spent drafting motion for leave to amend should be struck because all claims raised in the amended complaint were unsuccessful; and 0.6 hours spent drafting second motion for leave to amend should be struck because the motion was denied. *Id.*

In Defendants' Response to Former Counsel's Motion for Fees and Costs [DE 144], Defendants also argue that Former Counsel should not receive costs associated with deposition transcripts. [DE 144, pg. 3]. Former Counsel seeks the costs of the transcripts as follows:

1. Marc Touzout—cost of certified copy of transcript =$589.75
2. Robert Hiptyn, Kamal Fereg, Omar Fajardo, original transcripts =$1,737.77
3. Kamal Fereg—cost of certified copy of transcript =$262.25

   Total cost of the transcripts =$2,589.77

[DE 144, pg. 4]. Defendants object to these costs for several reasons: 1) the transcripts were never used by the Plaintiff; 2) the transcripts were not used by Plaintiff, they were taken for discovery purposes, and if they were taken for discovery, the expense should be borne by the party taking

them; and 3) Former Counsel has failed to make a showing that the transcripts were obtained for use in the case.

In Former Counsel's Reply to its Motion for Attorney's Fees and Costs [DE 154], Former Counsel rejects Defendants' argument that the Court should reduce the vast majority of Former Counsel's time entries by 50-80% in order to eliminate any time spent on the FLSA claim. Former Counsel asserts that cutting the time entries by such a high percentage would be unjustifiable. [DE 154, pg. 3]. Former Counsel argues that the FLSA retaliation claim is "tangential" to the FLSA unpaid wages claim, and therefore the attorneys spent a vast majority of its time on the FLSA unpaid wages claim. *Id.* Former Counsel argues that the litigation of the FLSA retaliation claim comprised no more than 5-10% of the work performed by Former Counsel during the subject time period. *Id.* Because the FLSA unpaid wages claims and FLSA retaliation claims are not only related but intertwined, Former Counsel argues it should be awarded the entire amount of fees billed during the subject time period. [DE 154, pg. 4]. Former Counsel admits that there are certain billing entries for which Former Counsel are not entitled to be compensated at all; however, this is why Former Counsel proposed an overall 30% reduction of the entire amount billed. *Id.* Former Counsel also disputes Defendants' disregard for billing entries spent on preparing motions for fees and costs, because "fees on fees" are awardable. Former Counsel additionally requests an additional $1,140.00 for 3.4 hours billed at $300.00 per hour in drafting the reply. [DE 154, pg. 5].

In Former Counsel's Reply to its Motion for Bill of Costs [DE 146], Former Counsel states that Defendants' Response erroneously seeks to exclude the costs associated with the deposition transcripts of Marc Touzout, Kamal Fereg, Omar Fajardo, and Roberto Hiptyn because the transcripts were used in preparation for trial, and all of the individuals were called as witnesses at trial. [DE 146, Pg. 2].Former Counsel argues that the transcripts were necessary to the issues in the

case when the depositions were taken, and therefore it does not matter that Plaintiff did not use the deposition transcripts at trial. [DE 146, pg. 4].

## B. **DISCUSSION**

### 1. **ENTITLEMENT TO ATTORNEY'S FEES**

There is no dispute that Former Counsel is entitled to attorney's fees. It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller,* 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the case at hand, a jury found the Defendants failed to pay Plaintiff overtime wages and failed to pay Plaintiff minimum wages under the FLSA, so Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees. *See Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003). Defendants do not contest entitlement in any of its motion memoranda.

### 2. **CALCULATION OF THE ATTORNEY'S FEE AWARD**

#### a. COUNSEL'S HOURLY RATE

The total amount claimed in attorney's fees by Former Counsel is $34,290.00 for 114.30 hours billed at $300.00, plus an additional 3.4 hours of work on the replies to each motion, plus costs in the amount of $3,746.95. Former Counsel estimates that 30% of its attorneys' time was spent litigating the unsuccessful claims, and thus there should be a 30% reduction of hours spent. Thus, the 114.3 hours billed should be reduced to 80.01 hours, plus the 3.4 hours spent on the reply, for a total of 83.41 hours. Specifically, Former Counsel requests an hourly rate of $300.00 per hour. [DE 145, pg. 4]. In support of this request, Former Counsel claims that each attorney has

practiced employment law for over a decade and has tried many cases before in both state and federal courts. [DE 145-2, pgs. 2-3]. Defendants do not challenge the hourly rate of $300.00 as unreasonable.

Based on the qualifications of counsel and the Court's own knowledge and experience, and noting that Defendants have not objected to Former Counsel's hourly rate, the Court concludes that $300.00 per hour is a reasonable hourly rate for each of the three attorneys comprising Former Counsel.

### b. NUMBER OF HOURS REASONABLY EXPENDED

According to Former Counsel's motion for attorney's fees and subsequent reply, Mr. Saenz, Ms. Chattergoon, and Ms. Anderson billed a total of 114.3 hours on this case. [DE 145, pg. 4]. However, Former Counsel acknowledges that it spent 30% of the attorney time litigating the unsuccessful retaliation and Title VII discrimination claims, and therefore the amount of hours should be decreased by 30% across the board. *Id.* This lowers the amount of hours to 80.01 hours. Former Counsel also claims that it billed an additional 3.4 hours for the work performed in drafting the reply briefs [DE 146, 154]. The total number of hours asserted to have been spent on this case by Former Counsel, therefore, is 83.41 hours. Defendants contend the amount of hours presented by Former Counsel is unreasonable in light of the demands of the case and in light of the fact that Plaintiff did not succeed on several of its claims. Because the hours are excessive and time was expended on issues of the case on which Plaintiff did not ultimately succeed, Defendants argue for Plaintiff's billed hours to be decreased to a total of 32.30 hours, [DE 151, pg. 14].

If a court finds particular hours claimed by an attorney to be "excessive, redundant or otherwise unnecessary," the court may reduce the number of hours in calculating the fee award. *Norman*, 836 F. 2d at 1301 (quoting *Hensley*, 461 U.S. at 434). In demonstrating the hours are

reasonable, counsel should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. V. Barnes,* 168 F.3d 423, 428 (11th Cir. 1997). A fee opponent's failure to explain with specificity the particular hours viewed as excessive is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.,* 125 F.3d 1387 (11th Cir. 1997).

The Court has reviewed Former Counsel's billing records [DE 145-1, pgs. 1-5] and finds that some of the legal work carried out by Former Counsel's law firm was excessive or unnecessary due to the fact that Plaintiff was unsuccessful on several counts of the complaint. For example, it appears that Former Counsel spent 0.7 hours reviewing, revising, editing, and filing the complaint after spending 1.1 hours drafting the complaint. Former Counsel also billed several hours for work done on amending the complaint, even though the complaint was amended to add claims on which the Plaintiff was ultimately unsuccessful. Former Counsel also billed 4.5 hours for commuting every time an attorney attended court. This is an excessive amount of hours.

Former Counsel also seek an additional 3.4 hours for work performed in drafting the reply briefs to its motions [DE 146, 154]. The Eleventh Circuit has held that "fees on fees" are compensable. *See Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010), *see also Williams v. R.W. Cannon, Inc.,* 657 F. Supp. 1302, 1318 (S.D. Fla. 2009) (awarding fees to party for filing post trial motion on fees). Former Counsel is permitted to bill for the hours it expended drafting two reply briefs [DE 146, 154], however the Court finds that 3.4 hours is an excessive amount of time to spend drafting two five-page replies.

Former Counsel has acknowledged that some of its attorneys' time was spent litigating the

FLSA retaliation and Title VII discrimination claims, for which Plaintiff is not the prevailing party. [DE 145, pg. 4]. Former Counsel estimates that no more than 30% of its time was spent litigating the unsuccessful claims, and therefore the total amount of hours billed should be reduced by 30%. Rather than make line-by-line reductions in hours for a case where excessive time was billed, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." *Bivins,* 548 F.3d at 1350. The Court agrees with Former Counsel that its total amount of hours billed should be cut across-the-board. However, the Court has determined that because some of the hours billed by Former Counsel (114.3 hours) were somewhat excessive, and some hours were billed for work relating to the unsuccessful claims, a larger reduction is necessary. The Court finds that the counts on which Plaintiff did not prevail were of dubious validity. Further, a review of the record shows that Plaintiff discharged his prior counsel and asserted his prior counsel did not provide effective representation. [DE 77, pgs. 4-6, DE 78]. Therefore, based upon all relevant factors, the Court finds that an across-the-board reduction of Former Counsel's hour by 50%. In making this 50% reduction, the Court has considered all relevant factors, including, but not limited to, the difficulty of the litigation, the lack of evidentiary support for all counts except I and II, and the degree of success obtained.

After the 50% percent reduction is applied, Former Counsel is entitled to 58.85 hours' worth of attorney's fees. The Court finds that a total of 58.85 hours spent working on this case is reasonable and Former Counsel should be awarded $17,655.00 in attorneys' fees.

### c. LITIGATION EXPENSES AND COSTS

Former Counsel seeks an award of $3,746.95 in costs. [DE 135, pg. 1]. Under the FLSA, the Court is directed to award the prevailing party the costs of the action. 29 U.S.C. § 216(b). Additionally, Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute,

these rules, or a court provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F. 3d 1238, 1248 (11th Cir. 2002). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). This statute provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Here, Former Counsel seeks to recover $3,746.95 in costs, which, according to Former Counsel's motion, includes the $400.00 filing fee for the District Court, $210.00 for service of complaint on the five Defendants, and $3,136.95 for deposition costs. [DE 135, pgs. 3-4]. The deposition costs include court reporter's attendance fees in the amount of $547.18 and transcripts in the amount of $2,589.77. [DE 144, pg. 4]. Defendants only object to the costs associated with the deposition transcripts. [DE 144, pg. 3].

Taxation of deposition costs is authorized by 28 U.S.C. § 1920(2). *United States EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Where deposition costs are merely incurred for convenience, to aid in preparation, or for purposes of investigation only, the costs are not recoverable. *Id.* (citing *Goodwall Const. Co. v. Beers Const. Co,* 824 F. Supp. 1044, 1066 (N.D.Ga.1992), *aff'd,* 991 F.2d 751 (Fed.Cir.1993)). However, a deposition is taxable if the

19

deposition was wholly or partially "necessarily obtained for use in the case." *Id.* (citing *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2))). It is not necessary to use a deposition at trial for it to be taxable. *Id.* In *EEOC,* the Eleventh Circuit rejected the rejected defendant's argument that it should not be required to pay for deposition transcripts because the use of depositions at issue was minimal, or that it was not critical to the ultimate success of the prevailing party. *Id.* The Court allowed for the tax of the deposition transcripts because the defendant could not show that any portions of the depositions to be taxed were not "related to an issue which was present in the case at the time the deposition was taken." *Id.* (citing *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. at 717 (N.D.Ill.1982)).

All of the deposition transcripts that Former Counsel seeks to tax contain the deposition testimony of persons who testified at trial and are parties to the lawsuit. Defendants were the representatives of the corporate Defendant, the supervisors of Plaintiff, and had first-hand knowledge of Plaintiff's employment. [DE 146, pgs. 3-4]. It is likely that Plaintiff's Former Counsel used the deposition transcripts of the Defendants to prepare for trial, and the attorneys possibly would have used the depositions at trial if it remained on the case.

Even though ultimately, the deposition transcripts were not utilized at trial, the Court finds that the costs of the deposition transcripts should be taxed. Former Counsel has requested an award of $2,589.77 for the transcripts. The Court finds that total costs in the amount of $3,746.95 shall be awarded.

### 3. CALCULATION OF TOTAL AWARD

1. Total Attorney's Fees as to Plaintiff's Former Counsel (58.85 hours at $300.00 per hour): $17,655.00

2. Total Litigation Expenses and Costs as to Plaintiff's Former Counsel: $3,746.95

III.  **CONCLUSION**

In light of the foregoing,

1.  This Court **GRANTS IN PART AND DENIES IN PART** Trial Counsel JUAN C. PEREZ, ESQ's Motion for an Award of Attorney's Fees & Costs. [DE 134].

2.  This Court **AWARDS** Plaintiff, MARC TOUZOUT, attorney's fees in the amount of $6,660.00, as to work performed by Juan C. Perez, Esq.

3.  This Court **GRANTS** Plaintiff's Former Counsel, SAENZ & ANDERSON, PLLC, Motion for Bill of Costs. [DE 135].

4.  The Court **AWARDS** Former Counsel, SAENZ & ANDERSON, PLLC, costs in the amount of $3,746.95.

5.  The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Former Counsel, SAENZ & ANDERSON, PLLC's Motion for Attorney's Fees & Costs. [DE 145].

6.  This Court **AWARDS** Plaintiff's Former Counsel, SAENZ & ANDERSON, PLLC, attorney's fees in the amount of $17,665.00.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2017.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE